UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTOINE DESHAWN BARNES, | No.  2:23-cv-0820 TLN KJN P |
| Petitioner, | |
| v. | ORDER |
| WARDEN LYNCH, et al. | |
| Respondents. | |

     Petitioner, a state prisoner proceeding pro se, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, together with an application to proceed in forma pauperis.

     Examination of the in forma pauperis application reveals that petitioner is unable to afford the costs of suit.  Accordingly, the application to proceed in forma pauperis is granted.  See 28 U.S.C. § 1915(a).

     Under Rule 4 of the Rules Governing § 2254 Cases, the court must conduct a preliminary review of § 2254 habeas petitions and dismiss any claims where it plainly appears that petitioner is not entitled to relief.  The court has conducted that review with respect to the petition filed June 2, 2016.

     In this case, petitioner seeks release from prison, but it is unclear on what basis he seeks habeas relief.  He does not state he is challenging a criminal conviction.  He appears to claim he was granted release on April 17, 2023, per California Supreme Court case In re Gadlin, 10

1

Cal.5th 915 (Dec. 28, 2020).[1] But as petitioner was informed in one of his prior cases:

> Proposition 57 does not require an eligible inmate's mandatory release from prison – it only provides a parole consideration hearing. Consequently, the relief petitioner seeks by way of this habeas petition "would not necessarily lead to immediate or speedier release" from custody. See Nettles v. Grounds, 830 F.3d 922, 934 (9th Cir. 2016).

Barnes v. Supreme Court Judges, No. 2:21-cv-1649 JAM AC P (Oct. 21, 2021, E.D. Cal.) (ECF No. 5 at 2). Further, while petitioner appears to claim that he was granted release through his inmate grievance ("602"), he then argues that the Board of Prison Hearings cannot discriminate against petitioner by denying him ankle-monitoring release and further contends that the decision whether or not to require petitioner to wear an ankle monitor is decided by the CDCR, not the Board, and is made during the "parole release." (ECF No. 1 at 3.)

Petitioner's allegations are unclear. The CDCR Office of Appeals does not have the authority to release inmates to parole. Only the Board of Prison Terms has the authority to grant parole.

California's parole scheme contemplates that a prisoner sentenced to a term of life with the possibility of parole must be found suitable for parole before a parole date can be set. California Penal Code § 3041(b) and related implementing regulations set forth criteria for determining whether a prisoner is suitable for parole. See Cal. Code Regs. tit. 15, § 2402. The prisoner must be found unsuitable and denied a parole date if, in the judgment of the panel, he will pose an unreasonable danger to society if released. Cal. Code Regs. tit. 15, § 2402(a). "The

---

[1] Gadlin concerned California Department of Corrections and Rehabilitation ("CDCR") regulations that "excluded from nonviolent offender parole consideration any inmate who is convicted of a sexual offense that currently requires or will require registration as a sex offender under the Sex Offender Registration Act." 10 Cal. 5th at 919 (internal quotation mark and citation omitted). As these regulations "treat[ed] all individuals with convictions for registrable sex offenses as categorically ineligible for parole, even when the Department's own regulations classify those inmates as having been convicted of a nonviolent felony," the California Supreme Court found the regulations to be "inconsistent with the [state] Constitution as amended by Proposition 57." Id. at 943. Gadlin held that "nonviolent offender parole eligibility must be based on an inmate's current conviction" and that "an inmate may not be excluded from nonviolent offender parole consideration based on a current conviction for a registerable felony offense that the Department's regulations have defined as nonviolent." Id.

panel shall set a base term for each life prisoner who is found suitable for parole." Cal. Code Regs. tit. 15, § 2403.

In Swarthout v. Cooke, 562 U.S. 216 (2011) (per curiam), the Supreme Court considered a habeas claim that a California state prisoner's right to federal due process was violated by parole unsuitability findings that were not supported by "some evidence." Id. The Supreme Court concluded that, while a state, such as California, may create "a liberty interest in parole," the existence of such a state liberty interest does not give rise to a federal right to be paroled. Id. at 220-21 ("There is no right under the Federal Constitution to be conditionally released before the expiration of a valid sentence, and the States are under no duty to offer parole to their prisoners."). Rather, the federal due process protection for such a state-created liberty interest is "minimal" and limited to whether "the minimum procedures adequate for due-process protection of that interest" have been met, namely, whether the prisoner was given the opportunity to be heard and received a statement of the reasons why parole was denied. Id. at 221-22; Miller v. Oregon Bd. of Parole and Post-Prison Supervision, 642 F.3d 711, 716 (9th Cir. 2011) ("The Supreme Court held in Cooke that in the context of parole eligibility decisions the due process right is procedural and entitles a prisoner to nothing more than a fair hearing and a statement of reasons for a parole board's decision."). This procedural question is "the beginning and the end of" a federal habeas court's inquiry into whether due process has been violated when a state prisoner is denied parole. Cooke, 562 U.S. at 220.

Here, it is not clear petitioner has been granted parole by the Board. But to the extent petitioner claims that the Board is not abiding by the Office of Appeals' decision that petitioner should be granted parole per In re Gadlin, such allegation fails to state a cognizable habeas claim. Petitioner includes no factual allegations concerning alleged due process violations at a particular parole hearing. He does not allege that he was denied the opportunity to be heard at a particular parole hearing, or that there was no statement of the reasons why the hearing panel decided to deny him parole. (ECF No. 1.) Thus, to the extent petitioner is attempting to challenge a particular parole hearing, such claims must be dismissed. Cooke, 562 U.S. at 220; see also Miller, 642 F.3d at 717; Roberts v. Hartley, 640 F.3d 1042, 1046 (9th Cir. 2011) (under the

decision in procedural due process requirement is met as long as the state provides an inmate seeking parole with an opportunity to be heard and a statement of the reasons why parole was denied); Pearson v. Muntz, 639 F.3d 1185, 1191 (9th Cir. 2011) ("While the Court did not define the minimum process required by the Due Process Clause for denial of parole under the California system, it made clear that the Clause's requirements were satisfied where the inmates 'were allowed to speak at their parole hearings and to contest the evidence against them, were afforded access to their records in advance, and were notified as to the reasons why parole was denied.'")

Moreover, petitioner is advised that a state prisoner is entitled to federal habeas relief only if he is being held in custody in violation of the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2254(a). Unless an issue of federal constitutional or statutory law is implicated by the facts presented, the claim is not cognizable in federal habeas corpus. Estelle v. McGuire, 502 U.S. 62, 68 (1991). Federal habeas corpus relief "does not lie for error of state law." Lewis v. Jeffers, 497 U.S. 764, 780 (1990) (citations omitted). A petitioner may not transform a state-law issue into a federal one merely by asserting a violation of due process. Langford v. Day, 110 F.3d 1380, 1389 (9th Cir. 1996). Alleged errors in the interpretation or application of state law, which includes alleged errors in the state post-conviction review process, do not warrant habeas relief. Hubbart v. Knapp, 379 F.3d 773, 779-80 (9th Cir. 2004). "There is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence." Greenholtz v. Inmates of the Nebraska Penal & Correctional Complex, 442 U.S. 1, 8 (1979).

In accordance with the above, IT IS HEREBY ORDERED that:

1. Petitioner's motion to proceed in forma pauperis is granted;

2. Petitioner's application for writ of habeas corpus is dismissed with leave to amend within thirty days from the date of this order;[2]

////

---

[2] By setting this deadline the court is making no finding or representation that the petition is not subject to dismissal as untimely.

4

3. Any amended petition must bear the case number assigned to this action and the title "Amended Petition"; and

4. The Clerk of the Court is directed to send petitioner the court's form application for writ of habeas corpus.

Dated: June 12, 2023

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

barn0820.114

5