UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTOINE BARNES,<br><br>        Petitioner,<br><br>    v.<br><br>WARDEN LYNCH,<br><br>        Respondent. | No. 2:23-cv-0820 TLN KJN P<br><br><br>FINDINGS AND RECOMMENDATIONS |

Petitioner, a state prisoner, proceeds pro se and in forma pauperis with an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner's amended petition is before the court. As discussed below, this petition should be dismissed.

<u>Standard of Review</u>

Title 28 U.S.C. § 2254(d) sets forth the following standards for granting federal habeas corpus relief:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim -
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

////

1

>(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).  This court may entertain a petition for writ of habeas corpus "on behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. 2254(a).  An application for a federal writ of habeas corpus filed by a prisoner who is in state custody pursuant to a judgment of a state court must "specify all the grounds for relief which are available to the petitioner . . . and shall set forth in summary form the facts supporting each of the grounds thus specified."  Rule 2(c) of the Rules Governing Section 2254 Cases, 28 U.S.C. foll. 2254.  "'[N]otice' pleading is not sufficient, for the petition is expected to state facts that point to a 'real possibility of constitutional error.'"  Rule 4 Advisory Committee Notes (quoting Aubut v. Maine, 431 F.2d 688, 689 (1st Cir.1970)).

For purposes of applying § 2254(d)(1), "clearly established Federal law" consists of holdings of the Supreme Court at the time of the last reasoned state court decision.  Thompson v. Runnels, 705 F.3d 1089, 1096 (9th Cir. 2013) (citing Greene v. Fisher, 132 S. Ct. 38, 44-45 (2011)); Stanley v. Cullen, 633 F.3d 852, 859 (9th Cir. 2011) (citing Williams v. Taylor, 529 U.S. 362, 412 (2000)).  Circuit court precedent "may be persuasive in determining what law is clearly established and whether a state court applied that law unreasonably."  Stanley, 633 F.3d at 859 (quoting Maxwell v. Roe, 606 F.3d 561, 567 (9th Cir. 2010)).

Petitioner's Claims

Petitioner states he was convicted on February 21, 1995, in Santa Clara County, and sentenced to ten years for violation of California Penal Code Section 211 second degree robbery.  (ECF No. 10 at 1.)  In his first claim, petitioner claims "illegal wrongful arrest" denying him freedom under the First Amendment.  (ECF No. 10 at 4.)  In superior court case No. C2307029, he sustained a violation of double jeopardy in violation of the Fifth Amendment because enhancements for prison priors were illegally imposed.  He states he was "railroaded" by not being transferred to the San Jose County Jail, Case No. C2307029.  (ECF No. 10 at 4.)

////

2

In his second claim, petitioner states he was denied discovery motions by not placing all evidence due to false arrest on imposing illegal enhancements. Petitioner then lists various state legislation which he appears to claim supports dismissal of Case No. C2307029. (ECF No. 10 at 4.) Petitioner states he filed a writ to the superior court No. 177485, "court of appeal shall expedite consider or release petitioner on own recognizance," and he is entitled to resentencing under a variety of state legislation. (ECF No. 10 at 4.) Petitioner's writing at the end of the second claim runs into the claim three part of the petition form, so it is unclear whether petitioner intends a third claim based on resentencing issues.

In the fourth claim, petitioner claims a deprivation of any rights, privileges or immunities secured by the Constitution and laws of the United States, alleging petitioner has already served his sentence. (ECF No. 10 at 5.)

Discussion

    Challenge to 1995 Conviction

To the extent petitioner is attempting to challenge the enhancements to his 1995 conviction, petitioner is barred from seeking federal review. Lackawanna County Dist. Attorney v. Coss, 532 U.S. 394 (2001). In Lackawanna, the U.S. Supreme Court considered whether a § 2254 habeas petitioner could collaterally attack an earlier state conviction used to enhance the sentence for a later state conviction. The Court held that if a prior conviction is no longer open to review, then the defendant cannot collaterally attack the prior conviction through a § 2254 petition:

> [W]e hold that once a state conviction is no longer open to direct or collateral attack in its own right because the defendant failed to pursue those remedies while they were available (or because the defendant did so unsuccessfully), the conviction may be regarded as conclusively valid. [Citation.] If that conviction is later used to enhance a criminal sentence, the defendant generally may not challenge the enhanced sentence through a petition under § 2254 on the ground that the prior conviction was unconstitutionally obtained.

Lackawanna, 532 U.S. at 403-04.

The Supreme Court recognized two possible exceptions to the bar. A petitioner in these circumstances may seek habeas relief if: 1) he challenges an enhanced sentence on the grounds

3

that the prior conviction used to enhance the sentence was obtained where there was a failure to appoint counsel in violation of the Sixth Amendment; or 2) a defendant obtains compelling evidence that he is actually innocent of the crime for which he was convicted and could not have uncovered such evidence in a timely manner. Lackawanna, 532 U.S. at 405.

Given the foregoing, Lackawanna bars any litigation in this court of the 1995 conviction for the following reasons.

First, the 1995 conviction is no longer open to attack in state court because his conviction would have become final over twenty years ago. As the United States Supreme Court noted, "[t]hese vehicles for review . . . are not available indefinitely and without limitation." Lackawanna, 532 U.S. at 402-03.

Second, in his amended petition, petitioner refers to two separate state court proceedings.

Santa Clara County Superior Court No. 177485

Criminal case No. 177485 was commenced on December 27, 1994, by the filing of an information, and petitioner was sentenced on May 25, 1995, and now "inactive." People v. Barnes, No. 177485 (Santa Clara County).[1] More detailed information is not electronically available, likely given the age of the case. Petitioner claims he was convicted on February 21, 1995. (ECF No. 10 at 1.) But even if Case No. 177485 is not the same 1995 conviction referenced in the instant petition, such 1995 conviction is also no longer open to attack.

Santa Clara County Superior Court No. C2307029

State court's records reflect that this case is a criminal habeas corpus petition, filed May 16, 2023, and is characterized as "active." In the Matter of Barnes, Antoine Deshawn," No. C2307029 (Santa Clara Co., Cal.). Unlike the earlier superior court case discussed above, the case docket was not available online. Id. Petitioner referenced Case No. C2307029 in each claim for relief, and states he was challenging prior prison terms, and alleges enhancements for prison

---

[1] The court may take judicial notice of facts that are "not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned," Fed. R. Evid. 201(b), including undisputed information posted on official websites. Daniels-Hall v. National Education Association, 629 F.3d 992, 999 (9th Cir. 2010). It is appropriate to take judicial notice of the docket sheet of a California court. White v. Martel, 601 F.3d 882, 885 (9th Cir. 2010). The official website of the Santa Clara County Superior Court is https://traffic.scscourt.org.

4

priors were illegally imposed. But to the extent petitioner is attempting to challenge such prison priors as enhancing his 1995 conviction, barring any exception, such challenge fails under Lackawanna. Also, petitioner twice states that the "result" of Case No. C2307029 is "pending transfer to San Jose County Jail." (ECF No. 10 at 2, 3.) But if the case is presently pending or "active" it appears any federal habeas challenge to such ruling is premature.

Any Exceptions?

Third, petitioner does not allege any facts that would qualify him for an exception to the Lackawanna bar. Petitioner does not assert that the basis for his 1995 conviction was the trial court's failure to appoint counsel or demonstrate that he is actually innocent of the crimes for which he was convicted in 1995. Further, petitioner made no showing that he diligently sought to challenge his 1995 conviction at the time it occurred, or when state review was available, but was unjustly denied the opportunity by the state courts. Accordingly, to the extent that petitioner is seeking habeas review of his 1995 conviction or convictions, federal habeas review, or is attempting to challenge prior convictions used to enhance his 1995 conviction, such claim is barred.

Lack of Exhaustion

In any event, petitioner fails to include any facts showing that he exhausted any current habeas claim in the California Supreme Court.

The exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus. 28 U.S.C. § 2254(b)(1). If exhaustion is to be waived, it must be waived explicitly by respondent's counsel. 28 U.S.C. § 2254(b)(3).[2] A waiver of exhaustion, thus, may not be implied or inferred. A petitioner satisfies the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court. Picard v. Connor, 404 U.S. 270, 276 (1971); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir. 1985), cert. denied, 478 U.S. 1021 (1986).

---

[2] A petition may be denied on the merits without exhaustion of state court remedies. 28 U.S.C. § 2254(b)(2).

After reviewing the petition for habeas corpus, the court finds that petitioner failed to exhaust state court remedies for any claim arising in 2023. California Supreme Court records reflect three filings by petitioner:

Case No. S268442 - petition for writ of habeas corpus filed 4/26/2021; denied 7/14/2021

Case No. S241374 - petition for writ of habeas corpus filed 4/19/2017; denied 6/14/2017

Case No. S075625 - petition for writ of habeas corpus filed 12/29/1998; denied 4/28/1999

Id.[3] Thus, any challenge to decisions rendered in Santa Clara County Superior Court No. C2307029 have not been presented to the California Supreme Court. Further, there is no allegation that state court remedies are no longer available to petitioner. Accordingly, the petition should be dismissed without prejudice.[4]

State Law Claims Not Cognizable

Finally, liberally construed, petitioner appears to seek resentencing or a reduction in his prison sentence. However, petitioner relies solely on violations of state cases and state laws. Generally, issues of state law are not cognizable on federal habeas review. Estelle v. McGuire, 502 U.S. 62, 67 (1991) ("We have stated many times that 'federal habeas corpus relief does not lie for errors of state law.'"), quoting Lewis v. Jeffers, 497 U.S. 764, 780 (1990); Gilmore v. Taylor, 508 U.S. 333, 348-49 (1993) (O'Connor, J., concurring) ("mere error of state law, one that does not rise to the level of a constitutional violation, may not be corrected on federal habeas"). Indeed, federal courts are bound by state court rulings on questions of state law. Oxborrow v. Eikenberry, 877 F.2d 1395, 1399 (9th Cir.), cert. denied, 493 U.S. 942 (1989).

Accordingly, IT IS HEREBY RECOMMENDED that petitioner's amended application for a writ of habeas corpus be dismissed for failure to exhaust.

---

[3] The address of the official website of the California state courts (appellate courts and California Supreme Court) is www.courts.ca.gov.

[4] Petitioner is cautioned that the habeas corpus statute imposes a one year statute of limitations for filing non-capital habeas corpus petitions in federal court. In most cases, the one year period will start to run on the date on which the state court judgment became final by the conclusion of direct review or the expiration of time for seeking direct review, although the statute of limitations is tolled while a properly filed application for state post-conviction or other collateral review is pending. 28 U.S.C. § 2244(d).

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  If petitioner files objections, he shall also address whether a certificate of appealability should issue and, if so, why and as to which issues.  A certificate of appealability may issue under 28 U.S.C. § 2253 "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(3).  Any response to the objections shall be served and filed within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  July 25, 2023

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/barn0820.103+